# UNITED STATES DISTRICT COURT
for the

Southern District of New York ▼

| | |
|---|---|
| ALEXIS LOPEZ,<br><br>*Plaintiff*<br><br>v.<br>THE CITY OF NEW YORK, DET. VICTOR CADONA,<br>SGT. MICHAEL ALISEO, and P.O.'s JOHN DOE 1-3,<br><br>*Defendant* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The City of New York
Corporation Counsel
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Law Offices of Michael S. Lamonsoff, PLLC
32 Old Slip, 8th Floor
New York, NY 10005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

ALEXIS LOPEZ,

*Plaintiff*

v.

THE CITY OF NEW YORK, DET. VICTOR CADONA, SGT. MICHAEL ALISEO, and P.O.'s JOHN DOE 1-3,

*Defendant*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* SGT. Michael Aliseo, Tax No. 944316
Narcotics Division
One Police Plaza, RM 1100
New York, NY 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Law Offices of Michael S. Lamonsoff, PLLC
32 Old Slip, 8th Floor
New York, NY 10005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York ▼

| | |
|---|---|
| ALEXIS LOPEZ,<br><br>*Plaintiff*<br><br>v.<br>THE CITY OF NEW YORK, DET. VICTOR CADONA,<br>SGT. MICHAEL ALISEO, and P.O.'s JOHN DOE 1-3,<br><br>*Defendant* | ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Det. Victor Cardona, Tax No. 934579
Narcotics Division
One Police Plaza, RM 1100
New York, NY 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Law Offices of Michael S. Lamonsoff, PLLC
32 Old Slip, 8th Floor
New York, NY 10005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

Date of Birth 04/09/91 SS# 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 pursuant to CPL §§ 160.50 and 160.55, hereby designate ZACHARY W. CARTER, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of NY v. Alexis Lopez Docket No. or Indictment No. _____, in Criminal Court, County of New York, State of New York, relating to my arrest on or about _____, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_Alexis Lopez_

STATE OF NEW YORK )
: SS.:
COUNTY OF New York )

On this 21 day of August, 2015, before me personally came T H, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

**VIOLETTA LAPIN**
Notary Public- State of New York
Commission No. 01LA6148994
Qualified in New York County
My Commission Expires July 3, 2018

| JS 44C/SDNY | **CIVIL COVER SHEET** |
| --- | --- |
| REV. 4/2014 | |

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
ALEXIS LOPEZ

**DEFENDANTS**
THE CITY OF NEW YORK, DET. VICTOR CARDONA, SGT. MICHAEL ALISEO, and POLICE OFFICERS 'JOHN DOE' 1-3, the name John Doe being fictitious as the true names are not presently known

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Law Offices of Michael S. Lamonsoff, PLLC
32 Old Slip-8th Floor, New York, NY 10005
(212) 962-1020

**ATTORNEYS (IF KNOWN)**
The City of New York/ Corporation Counsel
100 Church Street
New York, NY 10007

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. 1983; 42 U.S.C. 1988

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes [ ] Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [x]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                     **NATURE OF SUIT**

**TORTS**                                                                                   **ACTIONS UNDER STATUTES**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[x] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**FORFEITURE/PENALTY**
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 375 FALSE CLAIMS
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV

[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE

[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS

[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION

[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

| | | | | | |
|---|---|---|---|---|---|
| *(PLACE AN x IN ONE BOX ONLY)* | | **ORIGIN** | | | |
| [X] 1 Original Proceeding | [ ] 2 Removed from State Court<br>[ ] a. all parties represented<br>[ ] b. At least one party is pro se. | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from (Specify District) | [ ] 6 Multidistrict Litigation | [ ] 7 Appeal to District Judge from Magistrate Judge Judgment |

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION** *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF  [ ] 2 U.S. DEFENDANT  [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)  [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
1581 Fulton Avenue, Apt 1C
Bronx, NY 10457
Bronx County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
100 Church Street           One Police Plaza
New York, NY 10007          New York, NY 10038
New York County             New York County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  [ ] WHITE PLAINS  [X] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE         SIGNATURE OF ATTORNEY OF RECORD          ADMITTED TO PRACTICE IN THIS DISTRICT
                                                      [ ] NO
                                                      [X] YES (DATE ADMITTED Mo. 8 Yr. 2010)
RECEIPT #                                             Attorney Bar Code # MS-6041

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ALEXIS LOPEZ,

                Plaintiff,                          **COMPLAINT**

      -against-                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, DET. VICTOR CARDONA, SGT.
MICHAEL ALISEO, and POLICE OFFICERS 'JOHN DOE' 1-3, the
name John Doe being fictitious as the true names are not presently
known

                Defendants.
-------------------------------------------------------------------

       Plaintiff, ALEXIS LOPEZ, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ALEXIS LOPEZ, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about March 20, 2015, at approximately 6:40 a.m., plaintiff ALEXIS LOPEZ, was lawfully present inside of 230 East 123rd Street, Apartment 2304, in New York County in the State of New York.

14. At that time and place, the individually named officers burst through the door and placed plaintiff in handcuffs.

15. The defendant officers then commenced to search plaintiff's belongings, uncovering no evidence of criminal or unlawful activity whatsoever.

16. At no time on or about March 20, 2015 did plaintiff commit any crime or violation of law.

17. At no time on or about March 20, 2015 did defendants possess probable cause to arrest plaintiff.

18. At no time on or about March 20, 2015 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19. Nevertheless, defendants thereafter transported plaintiff to a nearby precinct.

20. As a result of defendants' actions, plaintiff was held in custody for approximately twenty hours before she was released when the New York County District Attorney declined to prosecute her.

21. As a result of the foregoing, plaintiff ALEXIS LOPEZ sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

22. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff of the rights, privileges and

immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

27. Plaintiff ALEXIS LOPEZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

28. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

29. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### SECOND CLAIM FOR RELIEF FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

30. Plaintiff, ALEXIS LOPEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

31. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

32. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

33. As a result of the foregoing, plaintiff, ALEXIS LOPEZ, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### THIRD CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

34. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

35. Defendants arrested, searched, and incarcerated plaintiff ALEXIS LOPEZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a

predetermined number of summonses within a predetermined time frame;

ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

iv. failing to properly train police officers in the requirements of the United States Constitution.

39. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

iii. falsifying evidence and testimony to support those arrests;

iv. falsifying evidence and testimony to cover up police misconduct.

40. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ALEXIS LOPEZ.

41. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

43. As a result of the foregoing customs, policies, usages, practices, procedures and rules

of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

44. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

45. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

46. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiffs respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
August 17, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020

Index No.
UNITED STATES DISTRICT COURT FOR THE
SOUTHER DISTRICT OF NEW YORK

ALEXIS LOPEZ,

                       Plaintiff,

     -against-

THE CITY OF NEW YORK, DET. VICTOR CARDONA, SGT. MICHAEL ALISEO, and POLICE OFFICERS 'JOHN DOE' 1-3, the name John Doe being fictitious as the true names are not presently known,

                       Defendants.

**SUMMONS AND COMPLAINT**

## LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
**Financial Square at 32 Old Slip - 8th FL
New York, New York 10005
(212) 962-1020**

TO:  Corporation Counsel                 SGT. Michael Aliseo, Tax No. 944316
       CITY OF NEW YORK             Narcotics Division
       c/o New York City Law Dept       One Police Plaza, RM 1100
       100 Church Street                   New York, NY 10038
       New York, New York 10007

       Det. Victor Cardona, Tax No. 934579
       Narcotics Division
       One Police Plaza, RM 1100
       New York, NY 10038

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                                                           Matthew Shroyer