UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVEN ALLEN,

                              Plaintiff,

              -against-

P.O. HEATHER VOBIS, Shield No. 8755, Individually
and in her Official Capacity,

                              Defendant.

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

15 CV 6657 (CM) (RLE)

------------------------------------------------------------------------ x

Pursuant to Local Rule 56.1 of the Civil Rules of this Court, Defendant Police Officer Heather Vobis submit the following statement of material facts as to which there is no genuine issue to be tried:

1.      On July 10, 2014, Police Officer Kelvin Prado was assigned to do surveillance in Brooklyn. (Deposition of Kelvin Prado ("Prado Dep."), taken on November 3, 2016, annexed to the Declaration of Paul H. Johnson dated July 7, 2017 ("Johnson Decl."), Exhibit "D" at 34:21-24.)

2.      His assignment was to look for a blue Toyota Sienna minivan with New York State plates which the New York City Police Department believed was being used to commit a wave of larcenies. (Prado Dep., Johnson Decl., Exhibit "D" at 13:4-5; 36-3-6).

3.      At 1 p.m. on July 10, 2014 on East 29th Street near Farragut Avenue, Officer Prado located the blue minivan, which was parked. (Prado Dep., Johnson Decl., Exhibit "D" at 36:7-10).

4. At 5 p.m. Officer Prado began to follow the minivan, which stopped at Bobby's Department store and was driven by an unknown driver accompanied by a woman. Prado observed the woman attempt to pickpocket an individual but officers lose track of the woman and the vehicle. (Prado Dep., Johnson Decl., Exhibit "D" at 37:2-6).

5. After returning to the precinct, officers identified the individual driving the vehicle as plaintiff Steven Allen. (Prado Dep., Johnson Decl., Exhibit "D" at 37:7-12).

6. The New York City Police Department had prior knowledge that plaintiff was a grand larceny recidivist and that plaintiff worked in concert with a woman named Regina Thomas. (Deposition of Heather Vobis ("Vobis Dep."), taken on July 15, 2016, Johnson Decl., Exhibit "C" at 23:3-10; New York City Police Department Recidivist Tracking and Reporting Database Report for Steven Allen ("Recidivist Rep."), Johnson Decl., Exhibit "E" bearing Bates Stamp No. DEF000116.)

7. Plaintiff had come to the attention of the New York City Police Department as an individual who was part of a pickpocketing team who committed a wave of grand larcenies in 2013. (Prado dep., Johnson Decl., Exhibit "D" at 16:16-20).

8. On July 17, 2014, at approximately 2:00 p.m. Steven Allen and Regina Thomas started walking toward 34th street in New York, New York after finishing work on 42nd Street. (Deposition of Steven Allen, taken on March 24, 2016, ("Allen Dep."), Johnson Decl., Exhibit "B" at 50:19-23).

9. Plaintiff and Ms. Thomas walked with another co-worker, Teresa Ford, from 42nd Street to 34th Street. (Allen Dep., Johnson Decl., Exhibit "B" at 50:22-25).

10. Police Officer Kelvin Prado and his partner Police Officer Heather Vobis were patrolling on foot in plain clothes along 34th Street in Manhattan walking toward Seventh Avenue when they spotted two individuals, one man and one woman, casing open purses as they walked along 34th Street. (Prado Dep., Johnson Decl., Exhibit "D" at 20:14-18).

11. Specifically, Officer Prado saw the two individuals looking down inside purses as the individuals passed by them. (Prado Dep., Johnson Decl., Exhibit "D" at 21:2-6).

12. Prado then realized the man was Steven Allen and the woman walking with him was the same individual spotted with him on July 10, 2014 who attempted to pickpocket an individual in Brooklyn on July 10, 2014. (Prado Dep., Johnson Decl., Exhibit "D" at 18:11-14).

13. Plaintiff and Ms. Thomas then entered a Foot Looker. (Prado Dep., Johnson Decl., Exhibit "D" at 21:7-9; Allen Dep., Johnson Decl., Exhibit "B" at 50:22-23).

14. Officers Prado and Vobis observed that plaintiff and Ms. Thomas did not look at any sneakers. (Prado Dep., Johnson Decl., Exhibit "D" at 21:11-12).

15. Instead, Officers Prado and Vobis observed plaintiff take notice of an individual who had a wallet behind her while she was trying on shoes. (Prado Dep., Johnson Decl., Exhibit "D" at 21:12-14).

16. Officer Prado then observed plaintiff begin to dance in front of that individual who is trying on a pair of shoes. (Prado Dep., Johnson Decl., Exhibit "D" at 21:-14-16).

17. While plaintiff was dancing in front of the individual, the officers then observe Regina Thomas look inside that individual's bag. The officers did not observe Ms. Thomas take anything out of the bag. (Prado Dep., Johnson Decl., Exhibit "D" at 21:16-18).

18. Plaintiff did not purchase anything at Foot Locker and exited the store. (Allen Dep., Johnson Decl., Exhibit "B" at 52:11-18).

19. After exiting Foot Locker, plaintiff, Thomas and Ford headed to the 34th Street Subway Station to take the Q train. (Allen Dep., Johnson Decl., Exhibit "B" at 52:20-24).

20. Plaintiff started walking down the ramp towards Q Train station with Ms. Thomas. (Allen Dep., Johnson Decl., Exhibit "B" at 54:5-7).

21. Officer Prado and Officer Vobis followed plaintiff and Ms. Thomas into the subway station. (Vobis Dep., Johnson Decl, Exhibit "C" at 39:15-18).

22. Officer Vobis observed Allen speak with a woman standing in front of a baby carriage inside the subway station outside the turnstiles. (Vobis Dep., Johnson Decl., Exhibit "C" at 41:6-10).

23. Officer Prado observed plaintiff appearing to dance in front the individual standing in front of the baby carriage. (Prado Dep., Johnson Decl., Exhibit "C" at 45:4-5).

24. There was a baby inside the baby carriage. (Vobis Dep., Johnson Decl., Exhibit "C" at 42:11-12).

25. Officer Vobis then observed Ms. Thomas take something out of the baby carriage. (Vobis Dep., Johnson Decl., Exhibit "C" at 43:10-13.).

26. Officer Vobis believed that a woman speaking who was speaking to Allen before he began dancing was the owner of the baby carriage. (Vobis Dep., Johnson Decl., Exhibit "C" at 44:16-20).

27. However, the owner of the baby carriage was a feet few away attempting to get the gate opened in order to get her stroller onto the subway platform. (Vobis Dep., Johnson Decl., Exhibit "C" at 44:4-9).

28. Based on their prior observations of plaintiff and Thomas, Officers Prado and Vobis believed Allen was working in concert with Thomas to steal money from the baby carriage. (Vobis Dep., Johnson Decl., Exhibit "C" at 46:7-9).

29. After plaintiff and Thomas had walked through the subway turnstile and while they were walking down the ramp to the subway station, they were arrested by two police officers. (Allen Dep., Johnson Decl., Exhibit "B" at 53:8-9.).

30. Officer Vobis said Ms. Thomas, who had $9 in her hand, which Officer Vobis said was taken from the baby carriage. (Criminal Complaint, ("Crim. Compl.") Criminal Court of the City of New York for New York County for Steven Allen, Johnson Decl., Exhibit "F" bearing Bates Stamp Nos. DEF000009 through DEF000010; Vobis Dep., Johnson Decl., Exhibit "C" at 22:4-5).

31. Officer Vobis spoke to the owner of the baby carriage who said that the $9 inside the stroller belonged to her and that Ms. Thomas did not have permission to take it. (Crim. Compl., Johnson Decl., Exhibit "F" bearing Bates Stamp No. DEF000009; Vobis Dep., Johnson Decl., Exhibit "C" at 21:21-25).

32. Plaintiff was standing next to Ms. Thomas prior to their arrest, not more than five feet away. (Allen Dep., Johnson Decl., Exhibit "B" at 54:8-11).

33. Plaintiff observed Thomas enter the subway station using her Metrocard, saw her walk down the ramp and then saw her placed under arrest. (Allen Dep., Johnson Decl., Exhibit "B" at 55:20-25; 56:1).

34. Prior to his arrest, plaintiff said the two police officers were out of his view. (Allen Dep., Johnson Decl. Exhibit "B" at 58:14-19).

35. Plaintiff did not recall if he saw police officers speak with anyone in the subway station. (Allen Dep., Johnson Decl., Exhibit "B" at 53:24-25).

36. Plaintiff and Ms. Thomas were charged with petit larceny and Criminal Possession of Stolen Property in the Fifth Degree. (Allen Dep., Johnson Decl., Exhibit "B" at 59:9-11, 59:17-18, New York City Police Department Arrest Report No. M14663641 for Steven Allen ("Arrest Rep."), Johnson Decl., Exhibit "G" bearing Bates Stamp Nos. DEF000001 through DEF000003.)

37. Officer Vobis vouchered $382 in cash from Allen because she believed the money had been stolen and had been obtained as part of an organized theft scheme. (Vobis Dep., Johnson Decl., Exhibit "D" at 108:5-8; New York City Police Department Property Clerk Invoice No. 1000525508 ("Prop. Inv."), Johnson Decl. Exhibit "H" at Bates Stamp No. DEF000017.)

38. Officer Vobis also found a stolen cell phone in Thomas' possession. (Vobis Dep., Johnson Decl., Exhibit "D" 108:1-3; New York City Police Department Property Clerk Invoice No. 1000525524 ("Prop. Inv. 2"), Johnson Decl., Exhibit "I" at Bates Stamp No. DEF000015.)

39. Plaintiff told Officer Prado that "he can talk to anyone and have them believe whatever he wants them to believe." (Prado Dep., Johnson Decl., Exhibit "D" at 46:20-24).

40. Plaintiff also told Officer Prado that his nickname is "Happy Feet." (Prado Dep., Johnson Decl., Exhibit "D" at 46:14-15).

41. Plaintiff was released from custody on July 18, 2014, but Ms. Thomas was not. (Allen Dep., Johnson Decl., Exhibit "B" at 64:13-14).

42. Plaintiff said he knew that Ms. Thomas pled guilty to the theft of the money from the baby carriage. (Allen Dep., Johnson Decl., Exhibit "B" at 66:14-17).

43. On July 18, 2014, Ms. Thomas pled guilty to petit larceny and was given a sentence of five days. (Criminal Appearance History for Regina Thomas, dated December 14, 2015 ("Thomas OCA"), Johnson Decl., Exhibit "J" at Bates Stamp Nos. DEF000021-DEF000023).

44.     On November 18, 2014, charges against plaintiff were dismissed on motion of the district attorney. (Certificate of Disposition for Arrest Number M14663641, New York County District Attorney's Office, Johnson Decl., Exhibit "K" at Bates Stamp No. DEF000111).

Dated: July 7, 2017
       New York, New York

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendant Vobis*
                              New York City Law Department
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2656

                              By: _____
                                    Paul H. Johnson
                                    *Assistant Corporation Counsel*
                                    Special Federal Litigation Division

cc:      Jessica Massimi, Esq. (via ECF)
         *Law Offices of Michael S. Lamonsoff*
         *Attorneys for Plaintiff*
         32 Old Slip
         New York, NY 10005

| |
|---|
| Index No. 15 CV 6657 (CM) (RLE) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| STEVEN ALLEN,<br><br>                                                                          Plaintiff,-<br><br>                    against-<br><br>P.O. HEATHER VOBIS, Shield No. 8755, Individually and in her Official Capacity<br><br>                                                           Defendant. |
| **DEFENDANT'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1** |
| *ZACHARY W. CARTER*<br>Corporation Counsel of the City of New York<br>*Attorney for Defendant Vobis*<br>100 Church Street, Room 3-208<br>New York, New York 10007<br><br>*Of Counsel: Paul H. Johnson*<br>*Tel: (212) 356-2409* |
| *Due and timely service is hereby admitted. New York, New York   , 2015 . . .*<br><br>................................................................ *Esq.*<br><br>*Attorney for* ............................................................ |